UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM JENKINS, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:03-CV-0933-G |
| DOUGLAS DRETKE, Director, Texas ) | |
| Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM OPINION AND ORDER

Before the court is a petition for habeas corpus relief brought by a state inmate, William Jenkins, III ("Jenkins"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Jenkins' petition is denied.

I. BACKGROUND

Jenkins was charged with the first-degree felony offense of aggravated robbery. *Ex parte Jenkins*, Application No. 53,537-02, at 21-22. Upon his plea of not guilty, Jenkins was tried by a jury and ultimately convicted. *Id*. at 24-27. Following his

conviction, Jenkins entered into a plea bargain agreement with the state concerning his punishment. *Id*. at 17. In accordance with the plea agreement, the trial court sentenced Jenkins to twenty-five years. *Id*. As part of the plea agreement, Jenkins waived his right to jury determination of his sentence, as well as his right to appeal.[*] *Id*. at 14.

Jenkins filed a state application for writ of habeas corpus challenging this conviction. See *id*. at 2-5. The state trial court held a hearing on the application on October 25, 2002 and issued specific findings of fact and conclusions of law on November 22, 2002. See *id*. at 17-20. The Texas Court of Criminal Appeals denied Jenkins' Application for 11.07 Writ of Habeas Corpus ("11.07 Application") without written order on the findings of the trial court after a hearing. See *id*. (cover sheet).

On May 5, 2003, Jenkins filed the instant petition for writ of habeas corpus in this court. *See generally* Petition for Writ of Habeas Corpus By A Person in State Custody ("Petition"). Jenkins asserts the following claims in his federal habeas petition: (1) his guilty plea was involuntary; (2) the jury was unconstitutionally selected; (3) trial counsel was ineffective because he misrepresented the terms of the plea agreement; (4) he was denied a right to appeal; and (5) his conviction was obtained by the use of a coerced confession. *Id*. at 3.

## II.  ANALYSIS

---

[*] Since Jenkins did not appeal his conviction, no transcript of the trial was prepared.

A.  Exhaustion of State Court Remedies

In his answer to the petition, respondent Doug Dretke, Director, Texas Department of Criminal Justice, Correctional Institutions Division ("Dretke") admits that Jenkins has satisfactorily exhausted all available state court remedies as required by 28 U.S.C. § 2254(b) and (c).  Respondent [Dretke's] Answer with Brief in Support ("Answer") at 3.  Accordingly, Dretke does not seek dismissal of the application for writ of habeas corpus on that basis.

B.  Standard of Review

Jenkins' petition was filed May 5, 2003, subsequent to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEPDA").  Therefore, the standards of review set forth in AEPDA apply to this case.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998).  Consequently, the petitioner may not obtain relief in this court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision may be "contrary to" Supreme Court precedent in two ways. First, the state court may arrive at a conclusion opposite to that reached by the Supreme Court on a question of law. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Second, the state court may confront "facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrive at an opposite conclusion. *Id.* (citing *Green v. French*, 143 F.3d 865, 869-70 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999)). To determine whether a state court decision involves an "unreasonable application" of federal law, a federal habeas court's "inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Further, all factual determinations made by a state court shall be presumed to be correct and such presumption can only be rebutted by clear and convincing evidence presented by the petitioner. 28 U.S.C. § 2254(e)(1).

### C. Jenkins' Grounds for Relief

#### 1. *Voluntariness of the Plea*

A federal court will uphold a guilty plea challenged in a habeas court proceeding if the plea was knowing, voluntary, and intelligent. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976). The critical issue in determining whether a plea was voluntary and intelligent is "whether the defendant understood the nature and substance of the charges against him, and not necessarily whether he understood their technical legal effect." *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (citing *Henderson*, 426 U.S. at 644), *cert. denied*, 503 U.S. 988 (1992). A plea is involuntary and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson*, 426 U.S. at 645 n.13. If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir.) (per curiam) (quoting *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990)), *cert. denied*, 517 U.S. 1198 (1996). Absent supporting evidence in the record, a court cannot consider

a habeas petitioner's mere assertions on a critical issue in his *pro se* petition to be of probative evidentiary value. *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

In this case, Jenkins pleaded guilty during the punishment phase and received the minimum possible sentence in exchange for his waiver of his right to appeal. *Ex parte Jenkins*, Application No. 53,537-02, at 17. Jenkins raised this claim on his state habeas review and the trial court held a hearing where both Jenkins and his trial counsel testified. Jenkins' counsel testified before the trial court that he had fully informed Jenkins of the state's offer and that the offer would require him to waive his right to appeal. The trial court concluded that Jenkins' claim was without merit because it chose to believe the testimony of Jenkins' counsel. See *Ex parte Jenkins*, Application No. 53,537-02, at 18. Such credibility choices, like findings of fact, are entitled to a presumption of correctness on federal habeas review. Specifically, the Fifth Circuit has stated:

> [w]hen . . . a trial court fails to render express findings on credibility but makes a ruling that depends upon an implicit determination that credits one witness's testimony as being truthful, or implicitly discredits another's, such determinations are entitled to the same presumption of correctness that they would have been accorded had they been made explicitly.

*Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992) (quoting *Lavernia v. Lynaugh*, 845 F.2d 493, 500 (5th Cir. 1988)), *cert. denied*, 507 U.S. 996 (1993). Deference to a

state court's findings is particularly important "where a federal court makes its determination based on the identical record that was considered by the state appellate court." *Sumner v. Mata*, 449 U.S. 539, 547 (1981).  As a result, "§ 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); see also *Louis v. Blackburn*, 630 F.2d 1105, 1110 (5th Cir. 1980) ("In order to adequately determine the credibility of a witness . . ., the fact finder must observe the witness.").

Given that Jenkins' counsel's testimony was credited, first by the trial court and then by the Texas Court of Criminal Appeals, the record is clear that Jenkins voluntarily chose to plead guilty and understood the consequences of his plea. Jenkins has not overcome, with clear and convincing evidence, the presumption of correctness which applies to these factual findings.  28 U.S.C. § 2254(e)(1).

## 2. *Jury Selection*

Jenkins next claims that the jury was unconstitutionally selected.  Petition at 7. To support his allegation, Jenkins states that the jurors were not impartial.  See *id*. Rule 2(c) of the Rules Governing Section 2254 Proceedings sets forth the formal procedure for filing a habeas petition before a district court.  Rule 2(c) requires a habeas petition to "specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have

knowledge" and to "set forth in summary form the facts supporting each of the grounds thus specified." 28 U.S.C. § 2254, Rules Governing Section 2254 Proceedings, Rule 2(c). The state contends that Jenkins' habeas petition is deficient for failure to comply with Rule 2(c). Answer at 8. It is well established that mere conclusory claims are insufficient to raise cognizable grounds for relief. See, *e.g.*, *Ross*, 694 F.2d at 1011 ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); see also *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Jenkins' state and federal petitions clearly lack reference to any specific facts, or to the record, supporting these assertions. *See* Petitioner's Memorandum of Facts ("Jenkins' Memorandum of Facts") at 2-3. Jenkins' claim that his jury was unconstitutionally selected is wholly conclusory; therefore, Jenkins has failed to present a cognizable ground for relief.

3. *Ineffective Assistance of Counsel*

A criminal defendant has a constitutional right to the effective assistance of counsel. *See* U.S. CONST. amends. VI, XIV; *Evitts v. Lucey*, 469 U.S. 387, 393-95 (1985); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland*. 466 U.S. at 668. To establish ineffective assistance of counsel, a petitioner must show: (1) that counsel's

performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*. at 687-88.

When applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id*. at 689. "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

In this case, Jenkins claims that his trial counsel was ineffective because he failed to notify him of (or misrepresented) the terms of the plea agreement. Jenkins' Memorandum of Facts at 3-5; Petition at 7. Jenkins' ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and have been denied by the state courts. As a result, federal habeas relief may be granted only if the state court's decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence presented. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Haynes*

*v. Cain*, 298 F.3d 375, 379-82 (5th Cir.), *cert. denied*, 537 U.S. 1072 (2002).  Under this standard, the state courts' application of *Strickland* must be shown to be not only erroneous, but also objectively unreasonable.  *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).

As stated, Jenkins raised his ineffective assistance claims in his state habeas application.  The state trial court entered findings of fact rejecting Jenkins' allegations and concluding that he had failed to prove deficient performance on the part of counsel or that the result of his trial would have been different but for counsel's alleged deficiencies.  *Ex parte Jenkins*, Application No. 53,537-02, at 18-19.  Jenkins' counsel testified that he discussed with Jenkins the terms of the plea agreement and that one term of the agreement required Jenkins to waive his right to appeal.  *Ex parte Jenkins*, Application No. 53,537-02, Writ Hearing ("Writ Hearing Transcript"), at 29-30, 36.  Based on this testimony, the state trial court made a credibility determination to believe the testimony of Jenkins' counsel.

After reviewing Jenkins' claims and giving appropriate deference to the state courts' adjudication of these claims, the court cannot say that the state court's application of the *Strickland* attorney-performance standard was erroneous or objectively unreasonable.  See *Bell*, 535 U.S. at 698-99.  The state trial court found the testimony of Jenkins' counsel's credible, and this credibility determination is entitled to a presumption of correctness.  See *Carter v. Johnson*, 131 F.3d 452, 464

(5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Carter v. Collins*, 918 F.2d 1198, 1202 (5th Cir. 1990). Thus, on the basis of the state court's findings, Jenkins cannot satisfy his burden of showing, under *Strickland*, that his counsel was ineffective.

### 4. *Denial of Right to Appeal*

Jenkins claims that he was denied his right to appeal. Petition at 8. Specifically, Jenkins states that his defense attorney erroneously advised him to sign a waiver of his appellate rights. *Id*. However, under the terms of the plea agreement, Jenkins expressly waived his right to appeal. *See* Exhibit A, Defendant's Waiver of Right of Appeal ("Jenkins' Waiver of Appeal"), *attached to* Answer. In the written plea admonishments, Jenkins acknowledged his understanding that by accepting the plea agreement, he gave up his right to appeal issues which were raised by written motion and ruled on prior to the plea. See *id*.

Where, as here, there is no evidence of unfairness in securing the plea agreement, an express waiver of these rights is valid and enforceable. See *Blanco v. State*, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Accordingly, Jenkins cannot establish prejudice arising from his counsel's failure to inform him of the right if he had none. See *White v. Johnson*, 180 F.3d 648, 653 (5th Cir. 1999).

### 5. *Coerced Confession*

Jenkins also claims that his confession was coerced. Petition Ground 5. A confession is involuntary and violates due process if there is coercion by government

agents. *Colorado v. Connelly*, 479 U.S. 157, 164 (1986). A habeas petitioner has the burden of proving facts that would lead the court to conclude that the confession was not voluntary. *Uresti v. Lynaugh*, 821 F.2d 1099, 1103 (5th Cir. 1987). The voluntariness of a confession is a mixed question of law and fact, and state court factual findings upon which a finding of voluntariness is based are entitled to a presumption of correctness. 28 U.S.C. § 2254(e); *Soffar v. Cockrell*, 300 F.3d 588, 592 (5th Cir. 2002) (en banc).

As discussed above, Rule 2(c) requires a petitioner to plead specific facts in support of his claims. 28 U.S.C. § 2254, Rules Governing Section 2254 Proceedings, Rule 2(c). Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross*, 694 F.2d at 1011; *Koch*, 907 F.2d at 530. In this case, Jenkins has not directed the court to specific facts to show that a confession was taken and used against him at trial. *See* Petition at 9; Jenkins' Memorandum of Facts at 7. Therefore, Jenkins has not met his burden and his claim for relief on this ground must be denied.

### III. CONCLUSION

For the reasons discussed above, Jenkins' petition for a writ of habeas corpus is **DENIED**.

**SO ORDERED**.

April 20, 2005.

```
           _____
           A. JOE FISH
           CHIEF JUDGE
```